IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE H. ROBINSON, ET AL.       :

     v.                                        :           Civil Action No. DKC 2006-2632

HOME CAFÉ, INC.                 :

**MEMORANDUM OPINION**

    Presently pending and ready for resolution is Plaintiff's motion for remand. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, the motion will be granted.

**I. Background**

    Defendant, Home Café, Inc., removed this case from the Circuit Court for Prince George's County. The Notice of Removal was filed in this court on October 2, 2006. Plaintiff contends that Defendant was served with the summons and complaint on August 28, 2006, more than thirty days before the notice of removal was filed.

    Defendant acknowledges being served on or about August 28, 2006, but claims to have mailed the Notice of Removal on September 22, 2006, at the same time an answer and notice of removal were mailed to the Circuit Court for Prince George's County. Defendant maintains that the items were received and filed in the circuit court on September 26, 2006. Defendant contends that the papers were received in the northern division of this court timely, but

sent to the southern division for processing, thus delaying the formal filing.

The court records reflect that the papers were received for filing in Baltimore on October 2, 2006, where they were date stamped by the clerk. The initials on the docket reflect that Ramona Farrow processed the papers in the northern division at 2:51 that day. It is the practice of the court to date stamp papers immediately when received and cases can be and are initiated where filed, even if the case is to be assigned to a judge in the other division. On October 11, 2006, Plaintiff moved for remand (and requested an award of attorney's fees) on the basis of the untimely removal.

**II.  Standard of Review**

On a motion to remand, "because the federal courts are reluctant to interfere with matters properly before a state court, courts must 'strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court,' *Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505, 507 (E.D.Va. 1992); *accord, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)." *Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 701-2 (D.Md. 1997).

Title 28 U.S.C. § 1446(b) provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days

> after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

Section 1447(c) provides that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

**III. Analysis**

In order to be timely, the notice of removal must be "filed" within thirty days of service on the defendant, 28 U.S.C. § 1446(b). Filing generally means delivery to the clerk:

> We think that in this context "[f]iling a complaint requires nothing more than delivery to a court officer authorized to receive it." 4 C. Wright and A. Miller, *Federal Practice and Procedure* §§ 1052, p. 165. *See also Toliver v. County of Sullivan*, 841 F.2d 41, 42 (2nd Cir. 1988); *Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987); *Rodgers on Behalf of Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986); *Robinson v. Waterman S.S. Co.*, 7 F.R.D. 51, 54 (D.N.J. 1947).

*Robinson v. Yellow Freight System*, No. 89-2739, 1989 WL 152510, at *2 (4th Cir. 1989). As this court has noted before:

> Although the statute prescribes "filing" a notice of removal within thirty days of service, the statute does not define the operative term "filing." When faced with another statute lacking a necessary definition, the Supreme Court affirmed a trial court, which had turned to other sources for enlightenment, and quoted the trial court's reasoning: "The word 'file' was not defined by Congress. No definition having been given, the etymology

3

>of the word must be considered and ordinary meaning applied. The word 'file' is derived from the Latin word 'filum,' and relates to the ancient practice of placing papers on a thread or wire for safe-keeping and ready reference. Filing, it must be observed, is not complete until the document is delivered and received. . . . A paper is filed when it is delivered to the proper official and by him received and filed. Bouvier's Law Dict.; *Hoyt v. Stark*, 134 Cal. 178, 66 P. 223 (1901); *Wescott v. Eccles*, 3 Utah 258, 2 Pac. 525 (1883); *Re Von Borcke* (D.C.), 94 Fed. 352 (D.N.J. 1899); *Mutual L. Ins. Co. v. Phinney*, 22 C.C.A. 425, 76 Fed. 617 (1896). Anything short of delivery would leave the filing a disputable fact, and that would not be consistent with the spirit of the act."
>
>*United States v. Lombardo*, 241 U.S. 73, 76-77, 36 S.Ct. 508, 60 L.Ed. 897 (1916). *Lombardo* has long been considered as establishing the "physical delivery" rule such that the date of delivery is the date of filing for statutory purposes. *See, e.g., Wiggins v. Internal Revenue Service*, 59 A.F.T.R.2d 87-445, 87-1 USTC P 9180, 1986 WL 15574, *2 (D.Md. 1986).[3]
>
>---
>
>[3] An exception to that rule, the "mailbox rule" for filing, is limited to prisoners housed in penal institutions. *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).  That case contains an excellent debate on the wisdom of the exception.  Both majority and dissenters agree, however, that "filing" normally means receipt by the court. Interestingly, the Court refers to *In re Pigge*, 539 F.2d 369 (4th Cir. 1976), as a case adopting the mailbox rule, contrary to the weight of authority. *Pigge* involved the filing of an appeal from bankruptcy court and the construction of a rule.  The Fourth Circuit has not expanded application of the mailbox rule any further.

*Stone Street Capital, Inc. v. McDonald's Corp.*, 300 F.Supp.2d 345, 347 (D.Md. 2003).

4

The court's record and its date stamp are presumptively correct, *see, e.g., Stevenson v. Wenner*, 102 Ohio App.3d 289, 656 N.E.2d 1386 (Ohio Ct. App. 1995), although a party may seek to contradict those records by competent evidence, *see, e.g., Balm v. City of Cape May*, 3 N.J.Misc. 58, 127 A. 88 (N.J.), *aff'd*, 127 A. 923 (N.J. 1925); *Rabtoy v. Waterbury Hosp.*, No. CV93-0341384, 1994 WL 60038 (Conn. Super. Ct. Feb. 14, 1994).

Defendant has not proffered competent evidence contradicting the presumption raised by the date stamp and court record that the Notice of Removal was filed in this court on October 2, 2006. Merely showing that documents were received for filing in another court, like the Circuit Court for Prince George's County, does not demonstrate that they were received by the clerk of this court prior to October 2, 2006. The papers were docketed where received and were not transferred to another division. Thus, Defendant has not presented any evidence to show that the Notice of Removal was filed within thirty days of service.

The court cannot extend the time for filing removal because it simply does not have the authority to extend the removal period. *Grenchik v. Mandel*, 373 F.Supp. 1298, 1299 (D.Md. 1973). Fed.R.Civ.P. 6(b), which allows the court to enlarge a time period at its discretion, does not apply to filing times prescribed by statute. *United States v. Becton Dickinson & Co.*, 813 F.Supp. 410, 412 (D.Md. 1993). It is true that the timeliness of removal is an

issue that must be raised within thirty days of the removal, or it is waived by Plaintiff. *Sherman v. Sigma Alpha Mu Fraternity*, 128 F.Supp.2d 842, 846 (D.Md. 2001). That reality does not, however, provide the court with discretion to extend the statutory period. It simply means that, if the timeliness issue is not raised at the threshold of the litigation in federal court, it will not be available as a means to derail the case later.

**IV. Conclusion**

This result is not inequitable. Defendant had plenty of time to file its Notice of Removal timely. Furthermore, this ruling merely returns this case to the Circuit Court for Prince George's County, where the merits can be resolved. Defendant did not timely remove this action and Plaintiff's motion for remand will be granted.[1]  A separate Order will be entered.

```
                         /s/
            DEBORAH K. CHASANOW
            United States District Judge
```

---

[1] Plaintiff additionally requests an award of attorney's fees, under 28 U.S.C. § 1447 (c), which provides:
> An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.

Because there was no evidence of bad faith in removal, this request will be denied. *See In re Lowe,* 102 F.3d 731, 733 n.2 (4th Cir. 1996); *Brown v. Washington/Baltimore Cellular, Inc.*, 109 F.Supp.2d 421, 424 n.2 (D.Md. 2000).